**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **ROY DOVE, JR.**<br>237 Snooks Lane<br>Martinsburg, WV 25405<br><br>　　*Plaintiff*<br>v.<br><br>**PICKLES PUB OF OC, LLC,**<br>Serve Resident Agent:<br>Mark Spencer Cropper<br>6200 Coastal Avenue, Suite 200<br>Ocean City, MD 21842<br><br>and<br><br>**OQUINDELL PASQUALL TIMMONS**<br>27296 Dogwood Lane<br>Millsboro, DE 19966<br><br>　　*Defendants.* | Case No:_____<br><br>**JURY DEMAND** |

## COMPLAINT AND JURY TRIAL DEMAND

Now comes the Plaintiff, Roy Dove Jr., by and through counsel, Lawrence S. Greenberg and the Greenberg Law Office, hereby sues the named Defendants, Pickles Pub of OC, LLC and Oquindell Pasquall Timmons. In support of this suit, the Plaintiff states as follows:

## PARTIES

1. The Plaintiff, Roy Dove, ("Mr. Dove"), is a citizen of the State of West Virginia with a residence located at 237 Snooks Lane, Martinsburg, West Virginia 25405.

2. Defendant Pickles Pub of OC, LLC ("Pickles") is a domestic limited liability company organized and operating under the law of the State of Maryland.

3. Defendant Oquindell Pasquall Timmons, ("Timmons"), currently resides at 27296 Dogwood Lane, Millsboro, Delaware 19966.

4. That at all times relevant to this Complaint, Defendant Timmons was a duly authorized agent, servant, and employee of the Defendant, Pickles Pub of OC, LLC ("Pickles").

5. The Defendant, Timmons, is sued personally and as an agent of Pickles.

## JURISDICTION AND VENUE

6. This court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332, as the sum sought by the Plaintiff exceeds $75,000 and each party is a citizen of a different state (West Virginia, Delaware, and Maryland).

7. Venue is proper in, and Defendants are subject to, the personal jurisdiction of this court because Defendants maintain facilities and business operations in this District, have purposely availed themselves to the laws of this District, and all or most of the events giving rise to this action occurred in this District. 28 U.S.C. § 1391(b)(2); (c)(2); *International Shoe Co. V. Washington,* 326 U.S. 310 (1945); *McGee v. International Life Insurance Co.,* 355 U.S. 220 (1957); *Burger King v. Rudzewicz,* 471 U.S. 462 (1985).

## FACTS COMMON TO ALL COUNTS

1. This case involves events that transpired on February 20, 2022. On that day, Mr. Dove was a guest and business invitee of Defendant Pickles at the pub located at 704 Philadelphia Avenue, Ocean City, Worcester County, Maryland 21842.

2. On and before that day, Defendant Pickles hired Timmons as a security guard and bouncer at the pub.

3. As Pickles was getting ready to close, Defendant Timmons approached the patrons in the bar, including Mr. Dove, telling them they needed to pay their open tabs and leave as the bar was closing.

4. Mr. Dove and his friends, Steve Wagner ("Mr. Wagner") and Will, got the attention of the bartender to pay their tab. Mr. Wagner handed his credit card to the bartender, and they waited for the card to be returned to him.

5. While waiting for Mr. Wagner's card to be returned, Timmons approached Mr. Dove and his party and told them to "pay your tabs and get the f*** out." Mr. Wagner pointed to the bartender and told Timmons that he was waiting to pay for his tab.

6. Suddenly and without warning, Defendant Timmons grabbed Mr. Wagner, speaking rudely to him and physically forced him out of Pickles.

7. Mr. Dove and Will followed Mr. Wagner out of the bar but did not attempt to interfere with Timmons' activities.

8. Suddenly and without provocation or justification, Defendant Timmons stormed towards Mr. Dove and sucker-punched him in the side of his head, causing Mr. Dove to fall to the ground and lose consciousness.

9. Immediately after the attack, Timmons walked away and left Mr. Dove laying lifeless in the street.

10. While there were multiple other employees of Pickles standing outside, none rendered aid to Mr. Dove.

11. This brutal attack caused Mr. Dove to suffer serious injuries, including, but not limited to a Traumatic Brain Injury, memory loss and constant pain as a result of the attack.

12. The brutal attack was unwarranted and illegal.

13. At all times relevant to the Complaint, Timmons was hired by Pickles to provide security and act as a bouncer which, among other tasks, included physically confronting and dealing with the public. It is further assumed that Pickles provided training on how to deal with

underaged drinkers, refusing entry for intoxicated persons, calling the police when necessary, and dealing with aggressive behavior or disobedience with statutory or establishment rules.

14. As a result of the incident, Timmons was charged with Second Degree Assault.[1]

15. Defendant Timmons has a criminal history that Defendant Pickles knew or reasonably should have known about.

## COUNT ONE
## ASSAULT

16. Plaintiff incorporates all of the above paragraphs as if fully set forth herein.

17. At all times relevant to this action, Defendants Pickles and Timmins acted in concert and joint action with one another.

18. Defendants, in words and actions, acted with intent and capability to do bodily harm to Mr. Dove.

19. Defendants intended to cause, and did cause, Mr. Dove to suffer apprehension of immediate battery.

20. Defendants' conduct was perpetrated with actual malice.

21. Defendant Timmons was acting on orders, directly or indirectly, from Defendant Pickles.

22. The assault occurred while Defendant Timmons was working for Pickles as a security guard and bouncer and therefore occurred within the scope of Timmons' employment with Pickles.

23. Defendant Pickles is vicariously liable for the conduct of Defendant Timmons.

---

[1] Circuit Court of Maryland for Worcester County case number: D-025-CR-22-001468.

24. As a direct and proximate result of the Defendant Timmons' conduct, the Plaintiff has suffered and will continue to suffer physical injuries, medical and other related expenses, severe mental and emotional anguish.

25. It was foreseeable to Pickles that Timmons' actions or failure to act could cause injuries to its guests, including Mr. Dove.

26. Pickles bar security personnel or "bouncers," do not have any special immunity from assault claims.

27. As a direct and proximate result of the aforesaid conduct, actions and inactions of Defendant Timmons, Plaintiff has suffered and will continue to suffer temporary and permanent physical injuries, physical pain and suffering, severe mental and emotional anguish, including, but not limited to, undue emotional distress, mental anguish, humiliation, embarrassment, loss of respect, shame, loss of enjoyment of life and disability, and inability to perform and enjoy his normal and usual activities, and economic damages, including, but not limited to, past and future medical bills and expenses, past and future lost time and wages from work, past and lost earning capacity and unnecessary attorney's fees, all to the great detriment of Plaintiff.

WHEREFORE, the Plaintiff, Roy Dove Jr., hereby demands judgment against the Defendants in an amount to be determined at trial, but in excess of Seventy-Five Thousand Dollars ($75,000.00) plus interest, costs, and punitive damages, in an amount to be determined at trial.

## COUNT TWO
## BATTERY

28. Plaintiff incorporates all of the above paragraphs as if fully set forth herein.

29. While engaged in his duties as a bouncer for Pickles, Defendant Timmons intentionally punched Mr. Dove with a closed fist on the side of the head.

30. This attack caused Mr. Dove to lose consciousness and immediately fall into the roadway outside Defendant Pickles' pub.

31. This attack was non-consensual, harmful, and offensive. Mr. Dove in no way provoked, contributed to, or presented any cause for Defendant Timmons to act as he did.

32. This battery occurred while Defendant Timmons was working for Defendant Pickles, and it occurred within the scope of his employment.

33. Under the direction and encouragement of Defendant Pickles, Timmons brutally attacked and beat Mr. Dove, subjecting him to severe bodily injury.

34. As a direct and proximate result of the aforesaid conduct, actions and inactions of Defendants Pickles and Timmons, Plaintiff has suffered and will continue to suffer temporary and permanent physical injuries, physical pain and suffering, severe mental and emotional anguish, including, but not limited to, undue emotional distress, mental anguish, humiliation, embarrassment, loss of respect, shame, loss of enjoyment of life and disability, and inability to perform and enjoy his normal and usual activities, and economic damages, including, but not limited to, past and future medical bills and expenses, past and future lost time and wages from work, past and lost earning capacity and unnecessary attorney's fees, all to the great detriment of Plaintiff.

WHEREFORE, the Plaintiff, Roy Dove Jr., hereby demands judgment against the Defendants in an amount to be determined at trial, but in excess of Seventy-Five Thousand Dollars ($75,000.00) plus interest, costs and punitive damages, in an amount to be determined at trial.

## COUNT THREE
## NEGLIGENCE

35. Plaintiff incorporates all of the above paragraphs as if fully set forth herein.

36. Defendant Pickles had a duty to reasonably ensure the safety of its patrons and guests at their pub by maintaining the property and keeping the premises in a reasonably safe condition.

37. Defendant Pickles had a duty to provide care and protection and, *inter alia*, not to create or maintain a dangerous condition that could harm persons such as Mr. Dove, who were business invitees.

38. Defendant Pickles breached this duty by allowing employees of theirs, specifically Defendant Timmons, to attack Mr. Dove without justification.

39. At the time of the attack, Defendant Timmons was working within the scope of his employment at Defendant Pickles.

40. At all times leading up to Timmons' assault on Mr. Dove, other members of Pickles' staff did not intervene or stop Timmons from assaulting Mr. Dove.

41. Defendant Pickles breached its duty of reasonable care by intentionally failing to render timely medical aid to Plaintiff, despite the means and duty to do so.

42. As a direct and proximate result of the aforesaid conduct, actions and inactions of Defendants Pickles and Timmons, Plaintiff has suffered and will continue to suffer temporary and permanent physical injuries, physical pain and suffering, severe mental and emotional anguish, including, but not limited to, undue emotional distress, mental anguish, humiliation, embarrassment, loss of respect, shame, loss of enjoyment of life and disability, and inability to perform and enjoy his normal and usual activities, and economic damages, including, but not limited to, past and future medical bills and expenses, past and future lost time and wages from work, past and lost earning capacity and unnecessary attorney's fees, all to the great detriment of Plaintiff.

WHEREFORE, the Plaintiff, Roy Dove Jr., hereby demands judgment against the Defendants in an amount to be determined at trial, but in excess of Seventy-Five Thousand Dollars ($75,000.00) plus interest, costs and punitive damages, in an amount to be determined at trial.

## COUNT FOUR
## GROSS NEGLIGENCE

43. Plaintiff incorporates all of the above paragraphs as if fully set forth herein.

44. Defendant Pickles maintained a duty to reasonably ensure the safety of its patrons and guests at their pub by maintaining the property and keeping the premises in a reasonably safe condition.

45. Defendant Timmons acted with malice when he purposely attacked Mr. Dove while working for Defendant Pickles.

46. Defendant Pickles breached this duty by allowing an employee of theirs, Defendant Timmons, to attack Mr. Dove without justification.

47. At the time of the attack, Defendant Timmons was working within the scope of his employment at Defendant Pickles' pub.

48. At all times leading up to Timmons' assault on Mr. Dove, other members of Pickles' staff did not intervene or stop Timmons from assaulting Mr. Dove.

49. Defendant Pickles breached its duty of reasonable care by intentionally failing to render timely medical aid to Plaintiff, despite the means and duty to do so.

50. Defendants had a duty to maintain security, prevent disturbances, and take reasonable measures to guarantee safety of its patrons, and to protect them from violence at the hands of their employees.

51. Defendants were deliberately indifferent to Mr. Dove's safety.

52. Defendants engage in the conduct described herein in bad faith, maliciously, willfully, and in reckless disregard to Mr. Dove's rights.

53. As a direct and proximate result of the aforesaid conduct, actions and inactions of Defendants Pickles and Timmons, Plaintiff has suffered and will continue to suffer temporary and permanent physical injuries, physical pain and suffering, severe mental and emotional anguish, including, but not limited to, undue emotional distress, mental anguish, humiliation, embarrassment, loss of respect, shame, loss of enjoyment of life and disability, and inability to perform and enjoy his normal and usual activities, and economic damages, including, but not limited to, past and future medical bills and expenses, past and future lost time and wages from work, past and lost earning capacity and unnecessary attorney's fees, all to the great detriment of Plaintiff.

WHEREFORE, the Plaintiff, Roy Dove Jr., hereby demands judgment against the Defendants in an amount to be determined at trial, but in excess of Seventy-Five Thousand Dollars ($75,000.00) plus interest, costs and punitive damages, in an amount to be determined at trial.

## COUNT FOUR
## NEGLIGENT HIRING, TRAINING, SUPERVISION & RETENTION

54. Plaintiff hereby incorporates all of the above as if fully set forth herein.

55. Defendant Pickles maintained a duty to use reasonable care in hiring, training, and supervising individuals competent and fit to perform the duties of a security guard.

56. Defendant Pickles knew or should have known that Defendant Timmons proved unfit for their assigned duties because he had a recent criminal history that included crimes that would cause any reasonable person to be concerned about Defendant Timmons' fitness to be a security guard.

57. Defendant Pickles knew or should have known that proper training was required to ensure the safety of its guests or patrons. By failing to properly train Defendant Timmons, Defendant Pickles created a foreseeable risk that Defendant Timmons would cause harm as he did to Mr. Dove.

58. Defendant Pickles knew or should have known that Defendant Timmons would come into contact with the public. By virtue of Defendant Pickles' negligent hiring, training, supervision, and retention, the risk that Defendant Timmons would cause harm to members of the public was foreseeable.

59. Defendant Pickles is vicariously liable for the conduct of Defendant Timmons.

60. As a direct and proximate result of the aforesaid conduct, actions and inactions of Defendants Pickles, Plaintiff has suffered and will continue to suffer temporary and permanent physical injuries, physical pain and suffering, severe mental and emotional anguish, including, but not limited to, undue emotional distress, mental anguish, humiliation, embarrassment, loss of respect, shame, loss of enjoyment of life and disability, and inability to perform and enjoy his normal and usual activities, and economic damages, including, but not limited to, past and future medical bills and expenses, past and future lost time and wages from work, past and lost earning capacity and unnecessary attorney's fees, all to the great detriment of Plaintiff.

WHEREFORE, the Plaintiff, Roy Dove Jr., hereby demands judgment against the Defendants in an amount to be determined at trial, but in excess of Seventy-Five Thousand Dollars ($75,000.00) plus interest, costs and punitive damages, in an amount to be determined at trial.

## COUNT FIVE
## CIVIL CONSPIRACY

61. Plaintiff hereby incorporates all of the above as if fully set forth herein.

62. Defendant Pickles allowed Timmons to continually abuse the patrons, verbally harass them, thereby encouraging Timmons actions in failing to provide a safe environment for the public.

63. As Defendant Pickles knew of should have known that Defendants Timmons proved unfit for their assigned duties, and observed his continued mistreatment of patrons, it conspired with Timmons to commit the acts against Mr. Dove, directly causing his serious injuries.

64. As Defendant Pickles intentionally failed to train Timmons to ensure the safety of its guests or patrons, but instead observe his misconduct without punishment or termination, Defendant Pickles intentionally conspired with Timmons to create a foreseeable risk that Defendant Timmons would cause harm to Mr. Dove.

65. Defendant Pickles knew of should have known that Defendant Timmons would come into contact with the public. By virtue of Defendant Pickles' negligent hiring, training, supervision, and retention, the risk that Defendant Timmons would cause harm to members of the public was foreseeable.

66. Other employees of Defendant Pickles watched and allowed Timmons' behavior and did not stop him or ensure a safe environment for the public.

67. Other Pickles' employees watched Timmons beat Mr. Dove but did not attempt to stop Timmons, provide any assistance or medical attention, thereby conspiring to create harm to Mr. Dove.

68. That Defendant Pickles is vicariously liable for the conduct of Defendant Timmons and other employees who conspired to cause harm to Mr. Dove.

69. Defendant Pickles knew of the conspiracy to create an unsafe environment and to cause the violent injuries to Mr. Dove and failed to prevent the wrongful conspiracy.

70. As a direct and proximate result of the aforesaid conduct, actions and inactions of Defendants Pickles, Plaintiff has suffered and will continue to suffer temporary and permanent physical injuries, physical pain and suffering, severe mental and emotional anguish, including, but not limited to, undue emotional distress, mental anguish, humiliation, embarrassment, loss of respect, shame, loss of enjoyment of life and disability, and inability to perform and enjoy his normal and usual activities, and economic damages, including, but not limited to, past and future medical bills and expenses, past and future lost time and wages from work, past and lost earning capacity and unnecessary attorney's fees, all to the great detriment of Plaintiff.

WHEREFORE, the Plaintiff, Roy Dove Jr., hereby demands judgment against the Defendants in an amount to be determined at trial, but in excess of Seventy-Five Thousand Dollars ($75,000.00) plus interest, costs and punitive damages, in an amount to be determined at trial.

## COUNT SIX
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

71. Plaintiff hereby incorporates all of the above as if fully set forth herein.

72. Defendants intentionally inflicted emotional distress on Plaintiff by subjecting him to an attack.

73. Through the intentional acts detailed above, the Defendants directly and proximately caused injury to the Plaintiff.

74. Defendants engaged in conduct that was intentional and reckless, and in a high degree of probability that emotional distress would result to Plaintiff.

75. Defendants knew, or should have known, that Timmons attack on Mr. Dove would result in extreme emotional distress.

76. Defendants conduct was beyond all possible bounds of decency and intolerable.

77. The conduct of Defendants was willful and intentional.

78. As a direct and proximate result of the aforesaid conduct, actions and inactions of Defendants, Plaintiff has suffered and will continue to suffer temporary and permanent physical injuries, physical pain and suffering, severe mental and emotional anguish, including, but not limited to, undue emotional distress, mental anguish, humiliation, embarrassment, loss of respect, shame, loss of enjoyment of life and disability, and inability to perform and enjoy his normal and usual activities, and economic damages, including, but not limited to, past and future medical bills and expenses, past and future lost time and wages from work, past and lost earning capacity and unnecessary attorney's fees, all to the great detriment of Plaintiff.

**WHEREFORE**, the Plaintiff, Roy Dove Jr., hereby demands judgment against the Defendants in an amount to be determined at trial, but in excess of Seventy-Five Thousand Dollars ($75,000.00) plus interest, costs and punitive damages, in an amount to be determined at trial.

### DEMAND FOR JURY TRIAL

The Plaintiff demands to have his case tried before a jury.

GREENBERG LAW OFFICE

/s/       *Lawrence S. Greenberg*
LAWRENCE S. GREENBERG
Bar # 23642
6 E. Biddle Street
Baltimore, MD 21202
410-539-5250
410-625-7891 (fax)
larry@greenberglawyers.com
*Attorney for the Plaintiff*