IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ROY DOVE, JR., | * |
| Plaintiff, | * |
| v. | * |
| | Civil No. 23-0451-JRR |
| AZUL INTERNATIONAL SECURITY SERVICES, LLC, et al., | * |
| Defendants. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## REPORT AND RECOMMENDATION

This Report and Recommendation addresses Roy Dove, Jr.'s ("Plaintiff's") Motion for Default Judgment pursuant to Federal Rule of Civil Procedure 55(b)(2). *See* ECFs 46, 55. On October 31, 2023, in accordance with 28 U.S.C. § 636 and Local Rules 301 and 302, Judge Rubin referred Plaintiff's Motion to the undersigned for the purpose of "[r]eviewing a default judgment and/or making recommendations concerning damages." ECF 47. I have reviewed the relevant filings and conducted a hearing. *See* ECF 61. For the reasons stated herein, the undersigned recommends that Plaintiff's Motion for Default Judgment be DENIED WITHOUT PREJUDICE, and that Eric Chaplin's motion to vacate entry of default against him, individually, be GRANTED.

**I.      FACTUAL BACKGROUND**

Plaintiff filed a complaint against Defendants Pickles Pub of OC, LLC ("Pickles Pub") and Oquindell Pasquall Timmons ("Mr. Timmons") on February 18, 2023, alleging Assault; Battery; Negligence; Gross Negligence; Negligent Hiring, Training, Supervision & Retention;

1

Civil Conspiracy; and Intentional Infliction of Emotional Distress, arising out of events that occurred between Mr. Timmons and Plaintiff while at Pickles Pub. ECF 1. Plaintiff later amended his complaint to include Defendants Azul International Security Services, LLC ("Azul") and Eric Chaplin ("Mr. Chaplin"), the alleged manager of Azul. ECF 17. Plaintiff maintains that, at all times relevant to his claims, Mr. Timmons was a "duly authorized agent, servant, and employee of Defendants, Pickles [Pub], Azul and Chaplin." ECF 17, at 2.

On February 20, 2022, Plaintiff alleges, he was a guest and business invitee of Pickles Pub. ECF 17, at 3. On or before that day, he says, Pickles Pub hired Azul to provide them with security and bouncers for the establishment. *Id.* According to Plaintiff, Azul sent Timmons to work as security for Pickles Pub. *Id.* On that date, as the bar was closing, Timmons approached Plaintiff and told him and other patrons to exit. *Id.* Plaintiff avers that "[s]uddenly and without warning" Timmons "grabbed" Plaintiff's friend and physically removed him from Pickles Pub. *Id.* Plaintiff followed outside, and, "suddenly and without provocation[,]" Timmons "sucker-punched him in the side of the head, causing [Plaintiff] to fall to the ground and lose consciousness." *Id.* at 4. Timmons left the scene. *Id.* Plaintiff claims extensive injuries from Timmons' assault. *Id.* at 9.

Plaintiff maintains that, at all relevant times, Timmons was hired by Pickles Pub, Azul, and Chaplin. ECF 17, at 4. Plaintiff contends that Pickles Pub "alleged that [they] contracted with a third-party security company, such as Azul, who provided security personnel to work certain nights[.]"[1] ECF 57, at 3. He alleges that "Azul and Chaplin employed Timmons on the

---

[1] Plaintiff cites "Pickles' Answers to Interrogatories #13" but fails to include any of Pickles Pub's Interrogatories that are cited throughout Plaintiff's memorandum for this Court to review. *See* ECF 57.

2

night of the incident because Pickles [Pub] contracted with Azul to provide security services." *Id.* Pickles Pub "acknowledges that on other occasions, Pickles Pub has hired Timmons to work security without going through Azul." ECF 27, at 5. Plaintiff advances a vicarious liability theory, contending that "it is clear that Azul and Chaplin hired and employed Timmons on the date of the assault." ECF 57, at 4. In a *pro se* letter to the Court, however, Mr. Chaplin contends that Azul was non-operational on the night of the alleged incident, that he had not contracted with Pickles Pub on that day or ever before, and that he was not on the premises during the incident. ECF 45.

## II. PROCEDURAL HISTORY

Plaintiff served Defendants Azul and Chaplin on April 27, 2023. ECF 31. Their answers were due on May 18, 2023. *Id.* On June 23, 2023, Plaintiff sought default judgment against Timmons, Chaplin, and Azul. ECF 31. The Court construed this motion as one for entry of default pursuant to Federal Rule of Civil Procedure 55(a), *see* ECF 34, and Plaintiff corrected his motion to one for entry of default, *see* ECF 37, 39. On July 31, 2023, the Clerk of Court entered default against Defendants Azul, Chaplin, and Timmons based on their failure to answer the complaint. ECF 40, 43. The Court instructed the defaulting parties to respond within thirty days from the entry of default. ECF 43.

On August 30, 2023, Defendant Chaplin, proceeding *pro se*, submitted a letter to the Court.[2] ECF 44-1, 45. Mr. Chaplin asked the Court "to vacate the order of default against [him]." ECF 45, at 1. He claimed that Azul "was NOT [an] operational business. Articles were [filed] [in] 2017[,] [t]he entity however never operated. It simply did not exist." *Id.* Mr. Chaplin

---

[2] Mr. Chaplin's first filing lacked an original signature. ECF 44, at 1. The Court returned the document and directed him to re-file it with a signature. *Id.* Mr. Chaplin did so on September 15, 2023; aside from the addition of the signature, the documents' contents are identical. ECF 45.

contends that he was listed as a resident agent for Azul, however Azul "did not operate at the time that the incident occurred. [Azul] never operated in any capacity whatsoever." *Id.* He insists that he was not present at the location when the incident occurred, and that Azul officially dissolved on July 8, 2022. *Id.* He requested "his name to be removed from [the] case[,]" because Azul "never operated at [P]ickles [P]ub. Neither on the day or before or after." ECF 45, at 2. As to the late and self-prepared response, Mr. Chaplin summarized unsuccessful efforts to retain counsel in the Baltimore area as well as the Eastern Shore. ECF 45, at 1. Plaintiff did not respond to Chaplin's assertions or requests for vacating default and removing him from the case.

On October 19, 2023, Plaintiff moved for default judgment against Timmons and Azul. ECF 46. This case was then referred to the undersigned on October 31, 2023, to resolve Plaintiff's motion. ECF 47. On November 21, 2023, the undersigned directed Plaintiff to supplement his motion for default judgment in accordance with Federal Rule of Civil Procedure 55(b)(2) and Local Rule 105, by December 8, 2023, as Plaintiff lacked supporting memorandum or evidence. ECF 48. On December 7, 2023, Plaintiff sought an extension until December 28, 2023, citing ongoing settlement negotiations. ECF 49. On January 9, 2024, after the Court inquired as to the status of the supplemental filing, Plaintiff sought a second extension, this time for twenty days due to continuing settlement negotiations. ECF 52. After the second extension deadline passed, and after numerous inquiries regarding the status of his supplement, the Court directed Plaintiff to file a status report by March 4, 2024, advising whether Plaintiff planned to supplement his motion for default judgment. ECF 54. On March 4, 2024, Plaintiff filed a status report indicating that he "signed a full and final release only against [Pickles Pub and Mr. Timmons.]" ECF 55, at 1. Plaintiff stated that the release did not relieve Defendants Azul or Chaplin, and "based on the default judgment previously entered against [Azul] and [Chaplin], Plaintiff request[ed] a

4

hearing on damages."[3]  ECF 55, at 1-2.

On March 5, 2024, the Court again directed Plaintiff to supplement the motion, this time no later than March 20, 2024.  ECF 56.  Only on March 26, 2024, did Plaintiff submit a memorandum in support of his motion for default judgment.  *See* ECF 57.  In Plaintiff's supporting memorandum, he requested a $450,000.00 judgment from the defaulting Defendants.  *Id.*  The undersigned held a hearing on June 17, 2024, to determine the damage amount supported by Plaintiff's evidence and legal theories.  *See* Fed. R. Civ. P. 55(b)(2), Loc. R. 105.  At the hearing, Plaintiff presented testimony, and Mr. Chaplin appeared to defend himself and challenge Plaintiff's assertions.  *See* ECF 61.  At the end of the hearing, Plaintiff demanded $1.1 million in non-economic damages and more than $16,000 in medical expenses.

### III.  ANALYSIS

> a. *The Undersigned recommends construing Mr. Chaplin's filing as a Motion to Set Aside Default and Granting the same.*

Federal Rule of Civil Procedure 55(c) permits courts to "set aside an entry of default for good cause."  The Fourth Circuit maintains a "strong policy that cases be decided on their merits." *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993).  A motion to set aside a default must be "liberally construed in order to provide relief from the onerous consequences of defaults and default judgments."  *Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 421 (4th Cir. 2010) (internal quotation marks omitted).  Therefore, "[a]ny doubts about whether relief should be granted should be resolved in favor of setting aside the default so that the case may be heard on the merits."  *Tolson v. Hodge*, 411 F.2d 123, 130 (4th Cir. 1969).

In determining whether to set aside an entry of default, the Court considers whether the movant has a meritorious defense, acts with reasonable promptness, and bears personal

---

[3] Plaintiff's original default judgment motion did not include Mr. Chaplin.  *See* ECF 46.

responsibility for the entry of default.  *See Payne ex rel. Estate of Calzada v. Brake*, 439 F.3d 198, 203 (4th Cir. 2006).  The Court also weighs whether any delay in proceedings prejudiced the non-moving party, any history of dilatory action, and the availability of lesser sanctions short of default judgment.  *See id.*

Considering the policy of deciding cases on their merits and Mr. Chaplin's *pro se* status, the undersigned recommends construing Chaplin's filing as a motion to vacate.  Within the time prescribed by the Federal Rules, Mr. Chaplin submitted a request to vacate the default against him.[4]  That the filing suffered a non-substantive defect, which caused the proper filing to occur outside of the required time, does not alter this conclusion.  *See* ECFs 44-1, 45.  Mr. Chaplin corrected the technical defect in less than three weeks, more than a month before Plaintiff sought default judgment.  Plaintiff had notice of the filing, and the brief delay in correcting the filing did not cause prejudice.  *Cf. Jackson v. Lightsey*, 775 F.3d 170, 175-76 (4th Cir. 2014) (finding pro se notice of appeal in compliance with procedural rules, despite technical defect, where opposing party receiving prompt notice of filing and suffered no prejudice from the claimed deficiency).

With that framing, the *Payne* factors demonstrate "good cause" for setting aside the clerk's entry of default.  Fed. R. Civ. P. 55(c).  Mr. Chaplin's defense rests on the assertion that neither he nor Azul contracted with Pickles Pub,[5] a reference to documentation of Azul's

---

[4] This filing also made assertions with respect to Azul.  Because a corporate entity must be represented by counsel, Mr. Chaplin's *pro se* filing cannot assert any requests, rights, or defenses on behalf of any litigant other than himself.  *See* Fed. R. Civ. P. 17(b) ("The capacity of a corporation to sue or be sued shall be determined by the law under which it was organized."); *Nicholes v. Advanced Credit Mgmt., Inc.*, No. WDQ-10-1270, 2010 WL 2998625, *2 (D. Md. July 27, 2010) (noting that, under Maryland law and the Court's local rules, a corporation must be represented by counsel).

[5] Without making findings as to the truth of any allegation, the undersigned notes that Pickles Pub has stated that there have been instances where it hired Timmons outside of Mr. Chaplin's and Azul's services.  *See* ECF 57.


dissolution, and his contention that Azul did not operate at the time of the incident. ECF 45, 61. This satisfies the "meritorious defense" element, which does not impose an onerous burden. "[T]he moving party need only proffer evidence that, *if believed*, would permit a finding for the defaulting party." *First Am. Fin. Corp. v. Homefree USA, Inc.*, No. ELH-12-2888, 2013 WL 2902856, at *4 (D. Md. June 12, 2013), *report and recommendation adopted*, No. ELH-12-2888, 2013 WL 6080178 (D. Md. July 8, 2013) (citing *Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808, 812 (4th Cir. 1988)) (emphasis in original); *accord U.S. v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1094 (9th Cir. 2010) ("All that is necessary to satisfy the meritorious defense requirement is to allege sufficient facts that, if true, would constitute a defense."). The truth of the asserted defense is not for the Court at this juncture; that will be informed by litigation among appearing parties. *See Mesle*, 615 F.3d at 1094. Accordingly, the undersigned finds Chaplin's assertions sufficient to clear this hurdle.

Weighing the factors involving personal responsibility for delay, acting with reasonable promptness, and history of dilatory action, the undersigned finds at least two of these firmly in Mr. Chaplin's favor. He explained that his response was delayed due to his unsuccessful attempts to find an attorney to represent him. ECF 45, 61. The Court finds no other history of dilatory action or purpose of delay by him here. The most significant periods of delay between the motion for default judgment and now are (1) Plaintiff's counsel's requested extensions for filing arguments supporting its motion and (2) the time it took the Court to schedule a hearing and resolve the motion. Neither is attributable to Mr. Chaplin; therefore, they cannot weigh against him. *See Nat'l Liability & Fire Ins. Co. v. Rooding*, No. ELH-15-2572, 2016 WL 5144493, at *8 (D. Md. Sept. 21, 2016) (suggesting that delays attributable to the time necessary to resolve motions do not demonstrate dilatory action by litigant). Only the personal responsibility factor

may disfavor Mr. Chaplin, as no other individual appears to have acted or refused to act on his behalf.  The Court is mindful, however, that this factor focuses on the existence of "bad faith or a complete disregard for the mandates of procedure and the authority of the trial court."  *Russell v. Krowne*, No. DKC-08-2468, 2013 WL 66620, at *3 (D. Md. Jan. 3, 2013) (internal quotation marks and citation omitted).  The undersigned does not attribute such willfulness to Mr. Chaplin.

Mr. Chaplin acted with reasonable promptness after default was entered: he submitted his letter—albeit without a signature as required by the Court's rules—within the 30-day window ordered by the notice of default.  ECF 44-1, 45.  "[D]elay in and of itself does not constitute prejudice to the opposing party."  *Colleton Prep.*, 616 F.3d at 418 (citation omitted).  Plaintiff did not challenge Mr. Chaplin's motion to vacate in the several months since his filing or otherwise indicate any prejudice arising from his filing.  Plaintiff suffers no undue prejudice from allowing Mr. Chaplin "to submit an answer at this time, [as] a default judgment would be an extreme sanction to impose, particularly on a *pro se* defendant."  *Lorenzo v. Stansbury Bldg. Serv., Inc.*, No. DKC-22-459, 2022 WL 4608143, at *2 (D. Md. Sept. 30, 2022).

Several *Payne* factors favor setting aside the entry of default; at worst, only one—personal responsibility—arguably weighs against it.  *See Colleton Prep.*, 616 F.3d at 419-21 (vacating entry of default where all but one *Payne* factor supported vacatur and finding abuse of discretion in "rel[ying] too heavily" on the "personally responsible" consideration).  The Court credits Mr. Chaplin's attempt to defend the suit by attempting a timely response to the notice of default, articulating a basis for defense, and appearing at the default judgment hearing to challenge Plaintiff's evidence.  His willingness to take these steps, combined with the absence of prejudice, justifies adherence to the Fourth Circuit's "time-worn commitment to the resolution of disputes on the merits."  *Colleton Prep.*, 616 F.3d at 420; *see also Tolson*, 411 F.2d at 130.  Therefore, the

undersigned recommends construing Mr. Chaplin's filing as a motion to vacate entry of default against him and GRANTING that motion.

> **b.** *The Undersigned recommends denying Plaintiff's Motion for Default Judgment without prejudice.*

After a court enters default, the party seeking to recover must generally move the court for default judgment. Fed. R. Civ. P. 55(b). A defendant's default does not automatically entitle the plaintiff to entry of a default judgment; rather, that decision is left to the discretion of the court. *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) (A default is not "treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover," and the defendant is not held to "admit conclusions of law."). Rule 54(b) provides that, "when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b).

For more than 150 years, courts have recognized that "entering final judgment against a defaulting defendant while another litigates the matter could result in inconsistent judgments 'unauthorized by law.'" *Leighton v. Homesite Ins. Co. of the Midwest*, 580 F. Supp. 3d 330, 332 (E.D. Va. 2022) (quoting *Frow v. De La Vega*, 82 U.S. (15 Wall.) 552, 554 (1872)). *Frow* concerned jointly liable defendants and has been extended to situations where the liability "is joint and/or several." *United States ex rel. Hudson v. Peerless Ins. Co.*, 374 F.2d 942, 944 (4th Cir. 1967). The Supreme Court explained that "where a bill makes a joint charge against several defendants, and one of them makes a default," the appropriate procedure is to enter a default as to the defendant who failed to answer, and "proceed with the cause upon the answers of the other defendants." *Frow*, 82 U.S. at 554. Ultimately, "if the suit should be decided against the complaint

on the merits, the bill will be dismissed as to all the defendants alike – the defaulter as well as the others." *Id.*

Here, Plaintiff alleges that Mr. Chaplin and Azul are vicariously liable for the actions of Mr. Timmons.  ECF 57, at 4.  Having recommended that Mr. Chaplin be considered an answering defendant, the undersigned further recommends refraining from entering default judgment against Azul until resolution of Plaintiff's claims against Mr. Chaplin.  *See Ward v. Faro*, No. JKB-23-1382, 2023 WL 6845537, *1 (D. Md. Oct. 17, 2023) (holding that this Court generally avoids entering default judgment against one defendant in an action where there is an answering defendant).  The "avoidance of logically inconsistent judgments in the same action and factually meritless default judgments provide just reason for delay within the meaning of Rule 54(b)." *Leighton*, 580 F. Supp. at 332.  As such, I recommend that default judgment be denied without prejudice to refile after resolution of all appearing defendants and that Mr. Chaplin have thirty (30) days to file a responsive pleading to the complaint.

## IV. CONCLUSION

For the foregoing reasons, the undersigned respectfully recommends to:

1. DENY WITHOUT PREJUDICE Plaintiff's motion for default judgment against Mr. Chaplin and Azul;

2. Construe Mr. Chaplin's September 15, 2023 filing as a motion to vacate entry of default against him individually and GRANT the same; and

3. ORDER Mr. Chaplin to answer Plaintiff's amended complaint within thirty (30) days of adoption of this recommendation.

Any objections to this Report and Recommendation must be served and filed within fourteen (14) days, pursuant to Federal Rule of Civil Procedure 72(b) and Local Rule 301.5(b).


Date: August 13, 2024                                Sincerely,

                                                     /s/

                                                     Charles D. Austin
                                                     United States Magistrate Judge