**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| ROY DOVE, JR. | * | |
| **Plaintiff,** | * | |
| v. | * | **Civil No. 1:23-0451-ABA** |
| AZUL INTERNATIONAL SECURITY SERVICES, LLC, et al., | * | |
| | * | |
| **Defendants.** | | |
| | * * * | |

<u>**REPORT AND RECOMMENDATION**</u>

This Report and Recommendation addresses Roy Dove, Jr.'s ("Plaintiff" or "Dove") Second Motion for Default Judgment pursuant to Federal Rule of Civil Procedure 55(b)(2) and Eric Chaplin's ("Defendant" or "Chaplin") Request for Removal from Case. *See* ECFs 79, 83. On October 15, 2025, in accordance with 28 U.S.C. § 636 and Local Rules 301 and 302, Judge Abelson referred Plaintiff's Motion to the undersigned for the purpose of "[r]eviewing a default judgment and/or making recommendations concerning damages." ECF 82. On November 24, 2025, Judge Abelson also referred Defendant's Request for Removal to the undersigned for "resolution." ECF 85. I have reviewed the relevant filings and find no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). For the reasons stated herein, the undersigned recommends that Plaintiff's Second Motion for Default Judgment be DENIED WITHOUT PREJUDICE and Defendant's Request for Removal from Case be DENIED WITHOUT PREJUDICE.

## I.   BACKGROUND

The undersigned's previous Report and Recommendation ("Report and Recommendation") sets forth the factual allegations central to this dispute, which are

1

incorporated here by reference. *See* ECF 65. In essence, Plaintiff Roy Dove, Jr. alleges that he suffered injuries resulting from a security guard (Timmons) punching Dove after directing him to leave Pickles Pub in Ocean City, Maryland. *Id.* at 2. According to Dove, Defendant Azul International Security Services—alleged to be controlled by Defendant Eric Chaplin—contracted with Pickles Pub and provided the security guard to work on the evening in question. *Id.* at 2-3.

On August 29, 2024, Judge Rubin accepted the undersigned's recommendation to deny without prejudice the Plaintiff's first Motion for Default Judgment, vacate the entry of default against Chaplin, and order Chaplin to answer the amended complaint within thirty days. ECF 66. On September 17, 2024, this matter was reassigned to Judge Abelson. Chaplin failed to respond to the amended complaint as ordered by the Court, and Plaintiff filed a Second Motion for Clerk's Entry of Default on December 17, 2024. ECF 71. The Court sent notice of default to Azul and Chaplin on December 18, 2024. ECF 74. On January 29, 2025, Chaplin responded to the notice. ECF 75.

The docket remained dormant until July 24, 2025, when the Court ordered a case management conference. ECF 76. On August 11, 2025, Judge Abelson held the conference, which only the Plaintiff attended. ECF 77. At that time, Judge Abelson inquired whether Plaintiff intended to prosecute this action, noting the docket's extended dormancy even after Chaplin filed his letter with the Court. *See* ECF 80 (Show Cause Order of September 4, 2025). Following the conference, Plaintiff filed a Second Motion for Default Judgment against Azul and Chaplin. ECF 79. Judge Abelson referred the default judgment motion to the undersigned in October 2025. ECF 82. On November 4, 2025, about three weeks later, Chaplin sent the Court a letter asserting that the Plaintiff has not contacted him for a significant period, thus preventing him from "fulfilling any

required steps in good faith." ECF 83. He asks that the Court remove him from the matter without requiring further trial or proceedings, emphasizing that he "at all times acted in good faith and remain[s] willing to cooperate should any further clarification be needed." *Id.* Plaintiff responded, contending that Chaplin's "removal from this case would be improper." ECF 84. On November 24, 2025, Judge Abelson referred Chaplin's request for removal to the undersigned. ECF 85.

## II.    ANALYSIS

In what could be described as procedural déjà vu, the Court again faces competing requests from the opposing individuals[1] concerning default judgment. Notwithstanding the fact that the previous recommendation did not lead to the desired outcome—active, adversarial litigation—the undersigned finds guidance in the courts' preference for resolution on the merits. Therefore, I recommend, again, setting aside the default and affording Chaplin an opportunity to defend this case. However, this opportunity should carry a clear and unambiguous warning that future failures to engage and advance this litigation may lead to sanctions including default judgment. Chaplin's request that the Court "remove [his] name" from the case—which the undersigned reads as a request for some form of judgment in his favor—should be denied.

> a. *The Undersigned recommends construing Chaplin's filing as a Motion to Set Aside Default and granting the same insofar as relieving him from default but denying it to the extent he seeks removal from the case.*

Federal Rule of Civil Procedure 55(c) permits courts to "set aside an entry of default for good cause." The Fourth Circuit maintains a "strong policy that cases be decided on

---

[1] The Court chooses this phrasing intentionally, as one named defendant—Azul—is a corporate entity that cannot appear *pro se*.

their merits." *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993). A motion to set aside a default must be "liberally construed in order to provide relief from the onerous consequences of defaults and default judgments." *Colleton Prep. Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 421 (4th Cir. 2010) (internal quotation marks omitted). Therefore, "[a]ny doubts about whether relief should be granted should be resolved in favor of setting aside the default so that the case may be heard on the merits." *Tolson v. Hodge*, 411 F.2d 123, 130 (4th Cir. 1969).

In determining whether to set aside an entry of default, the Court considers whether the movant has a meritorious defense, acts with reasonable promptness, and bears personal responsibility for the entry of default. *See Payne ex rel. Estate of Calzada v. Brake*, 439 F.3d 198, 204-05 (4th Cir. 2006). The Court also weighs whether any delay in proceedings prejudiced the non-moving party, any history of dilatory action, and the availability of lesser sanctions short of default judgment. *See id.*

Considering the policy of deciding cases on their merits and Chaplin's *pro se* status and actions, the undersigned recommends construing Chaplin's newest filing as a motion to vacate. Despite not complying with the Court's previous order to answer the amended complaint, the *Payne* factors still weigh in Chaplin's favor, though not as strongly as the last time the Court faced these dueling requests. First, Chaplin maintains that neither he nor Azul contracted with Pickles Pub and that Azul did not operate at the time of the incident. ECFs 45, 61, 83. This satisfies the "meritorious defense" element, which does not impose an onerous burden, as "the moving party need only proffer evidence that, *if believed*, would permit a finding for the defaulting party." *First Am. Fin. Corp. v. Homefree USA, Inc.*, No. ELH-12-2888, 2013 WL 2902856, at *3 (D. Md. June 12, 2013), *report and recommendation adopted*, No. ELH-12-2888, 2013 WL

6080178 (D. Md. July 8, 2013) (citing *Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808, 812 (4th Cir. 1988)) (emphasis in original); *accord U.S. v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1094 (9th Cir. 2010) ("All that is necessary to satisfy the 'meritorious defense' requirement is to allege sufficient facts that, if true, would constitute a defense."). The truth of the asserted defense is not for the Court at this juncture; that will be informed by litigation among appearing parties. *See Mesle*, 615 F.3d at 1094. Accordingly, the undersigned finds Chaplin's assertions sufficient to clear this hurdle.

In my first Report and Recommendation, I found that only "the personal responsibility factor may disfavor Chaplin, as no other individual appears to have acted or refused to act on his behalf." ECF 65, at 7-8. As to dilatory delay, I found that Chaplin's delay in response was due to his unsuccessful attempts to find an attorney to represent him, and that the most significant periods of delay were Plaintiff's counsel's requested extension for filing supplements to its motion and the time it took the Court to schedule a hearing on the motion. *Id.*, at 7. Thus, I did not attribute to Chaplin any dilatory history and thus did not weigh the delays against him. *Id.* I also found that Chaplin acted with reasonable promptness after default was entered. *Id.*, at 8.

In reviewing the second motion to vacate judgment, the factors do not favor Chaplin as strongly. Looking at personal responsibility for the delay, acting with reasonable promptness, and history of dilatory action, two of these factors no longer favor him. He explains that since receiving notice of the vacated verdict, he was "informed that participation in an interview was part of the stipulation" but that he "never received timely notice" of the interview date. ECF 83. He goes on to assert that "a significant period of non-communication from the prosecuting team . . . prevented

[him] from fulfilling any required steps in good faith." *Id.* It is not clear to the undersigned what is meant by "participation in an interview" as "part of the stipulation"; there appears to be no stipulation on the record, and an "interview" is not required to file a responsive pleading under Federal Rule of Civil Procedure 12. The bottom line is that the August 2024 Order Vacating Judgment required Chaplin to respond to the Plaintiff's amended complaint within thirty days of that order; he did not. *See* ECF 66. Chaplin does not allege that he never received notice from the Court of his obligation; to the contrary, he states in his letter that he has received letters from the Court throughout this litigation. *See* ECF 75. Thus, the history of dilatory action now weighs against him. *Cf. Pisani v. Balt. City Police Dep't*, WDQ-12-1654, 2014 WL 510142, at *2 (D. Md. Feb. 6, 2014) ("although *pro se* litigants are given liberal treatment by courts, even *pro se* litigants are expected to comply with time requirements and other procedural rules without which effective judicial administration would be impossible" (internal quotation marks, brackets, and citations omitted)).

Similarly, the undersigned finds that the personal responsibility factor may not aid Chaplin, as he was aware of his obligation to answer the amended complaint and failed to do so. The Court is mindful, however, that this factor focuses on the existence of "bad faith or a complete disregard for the mandates of procedure and the authority of the trial court." *Russell v. Krowne*, No. DKC-08-2468, 2013 WL 66620, at *3 (D. Md. Jan. 3, 2013) (internal quotation marks and citation omitted). This being the second motion to vacate does not support his cause—the Court's message about engaging this case should have been clear after the previous order setting aside default. Yet, the undersigned is mindful that he is *pro se* and has taken some efforts at communicating with the Court, including in response to notices of default. *Cf. Mitchel v. LVNV Funding,*

*LLC*, No. JKB-21-2972, 2022 WL 17834152, at *2 (D. Md. Dec. 21, 2022) (recognizing "that given [the litigant's] *pro se* status, a lack of compliance with the complex rules and directives that accompany federal litigation should be viewed with leniency") (citing *Skydive Myrtle Beach Inc. v. Horry Cnty. Dep't Airports*, 735 F. App'x 810, 815 (4th Cir. 2018)). Given his history of both appearing in person for the previous default judgment hearing and his relative promptness in response to default notices, the undersigned does not attribute the requisite willfulness or "complete disregard" to Chaplin.

Turning to reasonable promptness, the undersigned observes that Chaplin submitted his latest letter after the thirty-day window in which he was ordered to respond to the amended complaint. However, reasonable promptness, for purposes of setting aside a default, "must be viewed 'in light of the facts and circumstances of each occasion.'" *Nat'l Liability & Fire Ins. Co. v. Rooding*, No. ELH-15-2572, 2016 WL 5144493, at *7 (D. Md. Sept. 21, 2016) (quoting *U.S. v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982)). Here, the second Notice of Default was entered on December 18, 2024, and the Court received Chaplin's letter thirty-one days later, on January 29, 2025. ECFs 74, 75. His letter maintained that he did not receive notice of default until December 29, 2024; thus, one might argue that he acted timely to set it aside, having filed within thirty days of learning of the latest default. *See* ECF 74 (Notice of Default, advising that he had thirty days to move to vacate). The undersigned, however, need not decide on whether Chaplin's timeline is correct, as "[d]elay in and of itself does not constitute prejudice to the opposing party." *Colleton Prep.*, 616 F.3d at 418 (citation omitted).

Turning to prejudice, the undersigned does not find this tilts the ultimate question back in Plaintiff's favor. He argues in his Second Motion for Default Judgment that, in addition to improperly moving to vacate the default, Chaplin also failed to appear

at a case management conference on August 11, 2025. ECF 79, at ¶ 14, 15. Despite this, Dove does not indicate any prejudice arising from the timing of Chaplin's filing. Indeed, the Court noted Dove's failure to act for more than eight months after Chaplin's filing and questioned Dove's intent to prosecute this case. *See* ECF 80 at 1. Any frustration from the additional delay may be understandable but does not, in this context, tip this factor against Chaplin. I do not find that Plaintiff suffers *undue* prejudice from allowing Chaplin "to submit an answer at this time, [as] a default judgment would be an extreme sanction to impose, particularly on a *pro se* defendant." *Lorenzo v. Stansbury Bldg. Serv., Inc.*, No. DKC-22-459, 2022 WL 4608143, at *2 (D. Md. Sept. 30, 2022); *see also Gonzalez v. Spunk Indus., Inc.*, No. ELH-18-2935, 2019 WL 4392951, at *7 (D. Md. Sept. 13, 2019) (in the context of a motion to set aside default, "[t]he fact that [the plaintiff] will not prevail by way of default and will actually have to present her case on the merits does not constitute prejudice") (citing *Augusta Fiberglass*, 843 F.2d at 812).

The last *Payne* factor, the availability of lesser sanctions, favors Chaplin. Given the courts' frequent description of default judgment as "extreme," the undersigned recommends that the Court consider lesser sanctions. One reasonable sanction may be reimbursement of reasonable costs or attorney's fees Dove incurred in filing the second motion for default judgment. *See Caruccio v. Marco Techs. LLC*, No. 22-cv-01477-JRR, 2023 WL 3931991, at *4 (D. Md. June 9, 2023) ("'[T]he Fourth Circuit has encouraged trial courts initially to consider imposing sanctions less severe than [dismissal], such as award of costs and attorney's fees to ensure that the noncompliant had fair warning of . . .' the consequences of its failures." (quoting *Uribe v. Aaron's, Inc.*, No. GJH-14-0022, 2014 WL 5797795, at *2 (D. Md. Nov. 5, 2014))). If the Court considers this sanction, Chaplin should receive an opportunity to explain why any requested amount is

unreasonable.

To summarize, the balance of *Payne* factors presents a closer call than before. However, I do not find undue prejudice to the Plaintiff and complete disregard by the Defendant that would counterbalance the harshness of a default sanction against a *pro se* party who has offered a meritorious defense, maintained some communication with the Court, and responded relatively promptly to the default notices. *See Consol. Masonry & Fireproofing, Inc. v. Wagman Constr. Corp.*, 383 F.2d 249, 251 (4th Cir. 1967) ("Generally a default should be set aside where the moving party acts with reasonable promptness and alleges a meritorious defense."). Therefore, mindful of these considerations and the Court's preference for adjudicating a case on its merits, *Colleton Prep.*, 616 F.3d at 420, the undersigned recommends construing Chaplin's letter as a motion to vacate entry of default against him and GRANTING that motion to the extent Chaplin seeks to avoid default, *see Gonzalez*, 2019 WL 4392951, at \*7. To the extent Chaplin seeks that he be fully "remove[d]" from the case "without requiring further trial or proceedings" (ECF 83), the Court should DENY that request. As summarized above, the undersigned proposes that this case be resolved on its merits. Chaplin's factual and legal contentions in his November 2025 letter (and at other times) should be asserted in an appropriate responsive pleading and tested through the usual litigation process.

        b. *The Undersigned recommends denying Plaintiff's Motion for Default Judgment without prejudice.*

After a court enters default, the party seeking to recover must generally move the court for default judgment. Fed. R. Civ. P. 55(b). A defendant's default does not automatically entitle the plaintiff to entry of a default judgment; rather, that decision is left to the discretion of the court. *Ryan v. Homecomings Fin. Network*, 253 F.3d 778,

780 (4th Cir. 2001) (default is not "treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover," and the defendant is not held to "admit conclusions of law") (citation omitted).  Rule 54(b) provides that, "when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b).

For more than 150 years, courts have recognized that "entering final judgment against a defaulting defendant while another litigates the matter could result in inconsistent judgments 'unauthorized by law.'" *Leighton v. Homesite Ins. Co. of the Midwest*, 580 F. Supp. 3d 330, 332 (E.D. Va. 2022) (quoting *Frow v. De La Vega*, 82 U.S. 552, 554 (1872)).  *Frow* concerned jointly liable defendants and has been extended to situations where the liability "is joint and/or several." *United States for Use of Hudson v. Peerless Ins. Co.*, 374 F.2d 942, 944 (4th Cir. 1967).  The Supreme Court explained that "where a bill makes a joint charge against several defendants, and one of them makes a default," the appropriate procedure is to enter a default as to the defendant who failed to answer, and "proceed with the cause upon the answers of the other defendants." *Frow*, 82 U.S. at 554.  Ultimately, "if the suit should be decided against the complaint on the merits, the bill will be dismissed as to all the defendants alike – the defaulter as well as the others." *Id.*

As in the first motion for default judgment, Plaintiff alleges that Chaplin and Azul are vicariously liable for the actions of the aforementioned security guard, Timmons.  ECF 57, at 4.  Having recommended that Chaplin be given one more chance to engage in this litigation as a defendant, the undersigned further recommends refraining from entering default judgment against Azul until resolution of Plaintiff's claim against Chaplin.  *See*

*Ward v. Faro*, No. JKB-23-1382, 2023 WL 6845537, *1 (D. Md. Oct. 17, 2023) (holding that this Court generally avoids entering default judgment against one defendant in an action where there is an answering defendant). The "avoidance of logically inconsistent judgments in the same action and factually meritless default judgments provide just reason for delay within the meaning of Rule 54(b)." *Leighton*, 580 F. Supp. 3d at 332 (internal quotations and citations omitted). As such, I recommend that default judgment be denied without prejudice to refile after resolution of all appearing defendants. I also recommend that the Court hold a status conference with the parties to discuss scheduling or other matters before ordering a response, to minimize the potential that history repeats itself to the extent Chaplin does not have a copy of the operative complaint; in the alternative, the Court should order Chaplin to file a responsive pleading to the amended complaint by an appropriate deadline.

*     *     *

In conclusion, I recommend allowing another opportunity for this case to be decided on its merits. However, considering the expectation that parties will comply with Court orders and to avoid undue delays in resolving this case, I also recommend that any order setting aside default as to Chaplin and denying default judgment as to Azul make clear that if Chaplin fails to comply with the Court's directives, the Court may not be as forgiving and will strongly consider appropriate sanctions, including entry of default judgment against him. *See Quan v. TAB GHA F&B, Inc.*, No. TDC-18-3397, 2021 WL 1652817, at *1 (D. Md. Apr. 26, 2021) ("Courts in the Fourth Circuit generally impose dispositive sanctions only after providing a 'clear and explicit' warning of the possibility

11

of such a sanction to the noncompliant party." (quoting *DeLoatch v. Baywood Hotels, Inc.*, No. JKB-18-3811, 2020 WL 7230758, at *2 (D. Md. Dec. 8, 2020))).[2]

### III.    CONCLUSION

For the foregoing reasons, I recommend that:

1. the Court DENY Plaintiff's motion for default judgment against Chaplin and Azul (ECF 79) without prejudice;

2. the Court construe Chaplin's November 4, 2025 filing (ECF 83) as a motion to vacate entry of default against him individually and GRANT it in part, insofar as vacating the default, but DENY it to the extent Chaplin seeks complete removal from the litigation and/or a judgment in his favor;

3. the Court permit Plaintiff fourteen (14) days to file an application for attorney's fees and costs incurred in drafting and filing the second Motion for Default (ECF 79); and

4. the Court hold a status conference with the parties or order Chaplin to respond by an appropriate deadline, with the express caution that failure to abide by the Court's directives may result in appropriate sanctions up to and including entry of default judgment; in the alternative, ORDER Chaplin to file a responsive pleading to the amended complaint by an appropriate deadline.

Any objections to this Report and Recommendation must be served and filed within fourteen (14) days, pursuant to Federal Rule of Civil Procedure 72(b) and Local Rule 301.5(b).

Date: March 2, 2026                                    /s/
                                        Charles D. Austin
                                        United States Magistrate Judge

---

[2] I do not intend that this conclusion be read as recommending against including any warnings to the Plaintiff the Court may deem appropriate concerning failure to prosecute. *Cf.* ECF 80.